**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| **DESIGN COLLECTIVE, INC.**<br><br>PLAINTIFF,<br><br>v.<br><br>**BEAUFORT-JASPER HIGHER EDUCATION COMMISSION; FRASER CONSTRUCTION, INC.; FRASER CONSTRUCTION COMPANY, LLC; AND FRASER CONSTRUCTION SERVICES, LLC**<br><br>DEFENDANTS. | Civil Action No. 9:15-cv-03089-DCN |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(JURY TRIAL DEMANDED)**

Plaintiff Design Collective, Inc. ("DCI"), through its undersigned attorneys, hereby files this Complaint against Defendants Beaufort-Jasper Higher Education Commission; Fraser Construction, Inc.; Fraser Construction Company, LLC; and Fraser Construction Services, LLC and states:

**JURISDICTION AND VENUE**

1.  This Complaint arises under the Copyright Act of 1976 as Amended (17 U.S.C. § 101, et seq.). This Court has federal question subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1331. Venue is proper in this judicial district by reason of the provisions of 28 U.S.C. § 1391(b).

**THE PARTIES**

2.  DCI is a Maryland corporation with its principal place of business located at

601 E. Pratt Street, Suite 300, Baltimore, Maryland 21202. DCI is a nationally recognized master planning and architectural design firm.

3. The Beaufort-Jasper Higher Education Commission (the "Commission") is a body formed to support higher education in Beaufort and Jasper Counties.

4. Fraser Construction, Inc. is a South Carolina corporation in good standing engaged in the construction business.

5. Fraser Construction Services, LLC is a South Carolina limited liability company in good standing engaged in the construction business.

6. Fraser Construction Company, LLC is a South Carolina limited liability company in good standing engaged in the construction business.

## FACTS COMMON TO ALL COUNTS

**Phase 1 Construction**

7. In the summer of 2004, representatives of DCI, Capstone Development Corp. ("Capstone"), the University of South Carolina Development Foundation, and the Commission met to discuss the design, placement, and construction of several new buildings on what was then referred to as the University's New River Campus. This area of the University is now referred to as the Hilton Head Gateway Campus.

8. In the early months of the project, DCI created site plans proposing the location of four residential apartment buildings to be used as student housing, which it referred to as "Phase 1," along with the location of future student housing, which DCI referred to as "Phase 2" and "Phase 3." The site plans also proposed locations for the student center, the performing arts building, parking lots, and the gymnasium. These plans evolved over time but contemplated the building of additional student housing after the completion of Phase 1.

9. On or about February 15, 2005, DCI entered into a Standard Form of Agreement Between Owner and Architect (AIA Document B141 – 1997 Parts 1 and 2) with Capstone for the design and construction of the "Phase 1" student housing apartment complex. Capstone was to be the owner of the student housing complex.

10. Construction of the Phase 1 student housing was completed in August 2005.

11. DCI provided technical drawings ("Plans") to Capstone from which the Phase 1 buildings were constructed.

12. The Phase 1 buildings are now referred to as the Beaufort Building, the Colleton Building, the Hampton Building and the Jasper Building.

**Phase 2 Construction**

13. In 2010, DCI was contacted by representatives of the Commission to present a bid for the design and construction of the "Phase 2" student housing.

14. In response, two DCI representatives traveled to Beaufort, South Carolina and made a presentation to members of the Commission.

15. The Commission declined to hire DCI to complete "Phase 2," opting instead for a purportedly less expensive, local firm to perform the work.

16. Upon information and belief, one or more of Fraser Construction, Inc.; Fraser Construction Services, LLC; and Fraser Construction Company, LLC (collectively "Fraser Construction") constructed the Phase 2 student housing.

17. Following the 2010 presentation, no DCI representatives traveled back to the University until June 2013, when DCI was asked to return to the Hilton Head Campus to inspect certain aspects of the Phase 1 buildings.

18. While on campus, the DCI representatives saw the Phase 2 student housing for the first time.

19. Below is a current map of the Hilton Head Gateway Campus showing the four Phase 1 dormitories (5b, 5c, 5h, and 5j), as well as the four new Phase 2 dormitories (5a, 5d, 5k, and 5l).



20. The Phase 2 student housing is substantially similar to the Phase 1 student housing designed by DCI.

21. Both Phase 1 and Phase 2 student housing have brick exteriors on the first floor and Hardi board planks on the second and third floors.

22. The coloring of the bricks and the Hardi board is the same.

23. The color of the trim is the same.

24. In addition to other similarities, the placement of the staircases is the same.

13500.025/64264                                    4

5

25. For example, below is a photograph of the exterior of "Hampton," one of DCI's Phase 1 buildings.



26. Below is a photograph of the exterior of "Jasper," another of DCI's Phase 1 buildings.



27.     Below is another photograph of "Jasper" showing the wood framing on the interior hallway, the black gate, and the placement of the stair case.



28.     Turning to the Phase 2 construction, below is a photograph of the interior hallway of one of the Phase 2 buildings, showing the same wood framing in the interior hallway, and the same placement of the stair case.

13500.025/64264



29.     Below is a photograph of the exterior of "May River," one of the Phase 2 buildings.

30.     The photograph reveals that the same color brick was used for the first floor exteriors for Phase 1 and Phase 2, and the same color Hardi board for the second and third floors.

13500.025/64264                                             8



31.     Finally, below is a photograph of exterior of another one of the Phase 2 buildings, showing the same black gate, the same placement of the stair case, and the same brick and Hardi board combination as used by DCI in the Phase 1 buildings.



**The Copyrights**

32. DCI owns the copyrights for the architectural works and the Plans it designed and prepared for the Phase 1 student housing.

33. On January 29, 2014, DCI registered with the United States Copyright Office the USC-Beaufort: South Campus at New River Student Housing Building #1, as an architectural work, registration number VA0001900698.

34. The "Building #1" design was used for the Beaufort and Jasper buildings.

35. On April 16, 2014, DCI registered with the United States Copyright Office the USC-Beaufort: South Campus at New River Student Housing Building #2, as an architectural work, registration number VA0001931511.

36. The "Building #2" design was used for the Hampton and Colleton buildings.

37. Effective January 15, 2015, the United States Copyright Office issued a Certificate of Registration for the technical drawings or Plans used to construct the Phase 1 student housing, titled South Campus at New River Student Housing, Beaufort, South Carolina. The Registration Number for the Plans is VAu 1-193-409.

**Copyright Infringement**

38. Other than in connection with the building or maintenance of the Phase 1 student housing, DCI did not grant the Commission, or Fraser Construction, a license to reuse the Phase 1 architectural works or any derivation thereof, to copy or reproduce the Plans, or to build any structure therefrom.

39. At no time did the Commission, or anyone acting on its behalf, request or obtain an assignment from DCI to copy or use DCI's copyrighted architectural works or Plans.

40. Upon information and belief, the Commission gained access to the Plans from a third party without permission from DCI.

41. Upon information and belief, Fraser Construction, with assistance from the Commission copied or reproduced the Plans without DCI's permission, and created a derivative work based on the Phase 1 construction without DCI's permission.

42. Upon information and belief, the Commission and Fraser Construction copied DCI's Plans and created derivative works based on the Phase 1 construction in an effort to save money while maintaining an aesthetically pleasing consistency between the Phase 1 and 2 student housing complexes.

43. DCI was not compensated for the use of its architectural works or Plans in connection with the Phase 2 student housing complex.

**COUNT I**
**Copyright Infringement**
**(Violation of 17 U.S.C. § 106)**
**(Architectural Works)**
**(Against Fraser Construction, Inc.; Fraser Construction Services, LLC; and Fraser Construction Company, LLC)**

44. Plaintiff DCI repeats and realleges each of the allegations contained in paragraphs 1 to 43 as if fully set forth herein.

45. DCI is the author and creator of the architectural works that comprise the Phase 1 student housing at the University's Hilton Head Gateway Campus.

46. DCI remains the owner of the federally registered copyright in the architectural works that comprise the Phase 1 student housing at the University's Hilton Head Gateway Campus.

47. Fraser Construction violated the United States copyright laws by creating a derivative work based on DCI's architectural works.

48. Fraser Construction's acts constitute direct infringement of DCI's exclusive copyrights protected under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.), and specifically 17 U.S.C. § 106.

49. Fraser Construction's acts of infringement are intentional, willful and in disregard of and with indifference to the rights of Plaintiff.

## COUNT II
### Contributory Copyright Infringement
### (Architectural Works)
### (Against the Commission)

50. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 to 43 as if fully set forth herein.

51. At all relevant times, DCI has and continues to be the holder of the pertinent valid and exclusive copyrights in the architectural works and the Commission has knowledge of DCI's proprietary rights in these copyrights.

52. Upon information and belief, the Commission took active steps to intentionally induce Fraser Construction to infringe DCI's copyright ownership in the Phase 1 architectural works. For example, at the time of the infringing construction, the Commission held real estate for the benefit of the University of South Carolina Beaufort. It funded the construction of the infringing student housing complexes on that real estate through proceeds from the sale of revenue bonds that it issued. The Commission also maintained insurance coverage for the Phase 2 construction project. The Commission took these steps with knowledge that Fraser Construction would build the Phase 2 student housing based on DCI's architectural works.

**Count III**
**Copyright Infringement**
**(Violation of 17 U.S.C. § 106)**
**(Technical Drawings)**
**(Against Fraser Construction, Inc.; Fraser Construction Services, LLC;**
**and Fraser Construction Company, LLC)**

53.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 to 43 as if fully set forth herein.

54.     At all relevant times hereto, DCI has and continues to be the holder of the pertinent valid and exclusive copyright to the Plans.

55.     Upon information and belief, Fraser Construction is directly liable for violating the United States copyright laws by copying and reproducing DCI's Plans for the construction of the Phase 2 student housing complex.

**COUNT IV**
**Contributory Copyright Infringement**
**(Technical Drawings)**
**(Against the Commission)**

56.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 to 43 as if fully set forth herein.

57.     At all relevant times hereto, DCI has and continues to be the holder of the pertinent valid and exclusive copyrights to the Plans, and the Commission had knowledge of DCI's proprietary rights in the Plans.

58.     Upon information and belief, the Commission took active steps to intentionally induce Fraser Construction to infringe DCI's copyright ownership in the Plans.  For example, at the time of the infringing construction, the Commission held real estate for the benefit of the University of South Carolina Beaufort.  It funded the construction of the infringing student

14

housing complexes on that land through proceeds from the sale of revenue bonds that it issued. The Commission also maintained insurance coverage for the Phase 2 construction project.

59.    Upon information and belief, the Commission provided a copy of the Plans to Fraser Construction with knowledge that Fraser Construction would rely upon the Plans to build Phase 2.

WHEREFORE, Plaintiff DCI prays that this Court issue an Order and judgment:

A.    Awarding Plaintiff monetary damages sustained by Plaintiff as a result of Defendants' copyright infringement, including, but not limited to, all actual damages suffered as a result of the infringement; Defendants' profits attributable to the infringement, including rents, tuition and other items related to the design; and other expenses, along with pretrial and post-trial interest at rates allowable by law;

B.    Enjoining Defendants from constructing additional student housing using DCI's Plans, or any derivative thereof, or in any way further infringing DCI's copyrights;

C.    Requiring an accounting of all proceeds, revenue and profits of Defendants concerning any proceeds, revenue and profits of business obtained through the use of DCI's copyrighted material, and award all such profits to DCI;

D.    Awarding DCI its reasonable attorneys' fees and costs of this action; and

E.    Granting such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

Date:   August 6, 2015                              /s/ Jason Scott Luck
                                                                                 Jason Scott Luck, Esq.(#9696)
THE SEIBELS LAW FIRM PA
38 Broad Street, Suite 200
Charleston, SC 29401
jluck@seibelsfirm.com
Tel:  (843) 722-6777
Fax:  (843) 722-6781

          and

James B. Astrachan, Esq.*
Elizabeth A. Harlan, Esq.*
*pro hac vice applications to be filed*
ASTRACHAN GUNST THOMAS, P.C.
217 East Redwood Street, 21st Floor
Baltimore, MD  21202
jastrachan@agtlawyers.com
eharlan@agtlawyers.com
Tel:  (410) 783-3550
Fax:  (410) 783-3530

**ATTORNEYS FOR PLAINTIFF**